## N. Y. COMMON PLEAS.

### MICHAEL AHERN agt. THE NATIONAL STEAMSHIP CO.

*District courts* in the city of New York have jurisdiction of actions by and against *foreign corporations*, that have *places of business in the city of New York.*

*General term, April,* 1870.

*Before Chief Judge* DALY, *and. Judges* LOEW *and* VAN BRUNT.

THE appeal in this case was from the judgment of the first district court. The plaintiff, a resident of the city of New York, brought the action to recover the value of certain work, labor and services performed by him for the defendant, a foreign corporation, created by act of parliament, but having a place of business in the city of New York. On the return day of. the summons, the defendant appeared by counsel, and objected that the court had no jurisdiction in such actions. The objection was overruled by the justice, and the defendant withdrew from the case. The plaintiff thereupon proved his case, and the justice rendered judgment in his favor for the amount of his claim. The defendant appealed to this court.

JOHN CHETWOOD, *for the appellant.*
WILLIAM C. CLIFFORD, *for the respondent.*

LOEW, J.—The only question to be determined by us on this appeal is, whether the district courts in the city of New York have jurisdiction in actions against foreign corporations. It has been held by this court that

a foreign corporation like the defendant, cannot be compelled to appear in those courts, and that they have no jurisdiction over such corporations, unless they do appear and plead to the merits. (*Paulding* agt. *Hudson Mfg. Co.*, 2 *E. D. Smith*, 38.) That decision was rendered before the passage of what is generally known as the district court act, (*Laws of* 1857, *chap.*, 344,) and unless that act, or some other act amending the same, can be construed as conferring such jurisdiction on those courts, this judgment must be reversed. The only provisions of the act referred to bearing on the subject, are subdivision 2 of section 4, which prescribes in what district a suit against a corporation must be brought, and subdivision 1 of section 14, which directs how service of the summons shall be made in such actions. In addition, the provisions of the Code in regard to service of process on corporations, are by virtue of section 48 of the district court act, and subdivision 15 of section 64 of the Code, made applicable to these courts. The legislature does not in any of these provisions, in express terms, give those courts jurisdiction in actions against foreign corporations. The act simply speaks of corporations without declaring whether domestic or foreign corporations or both are meant. And, although, upon a careful examination of the phraseology of some of the provisions referred to, they would seem to indicate that it was the intention of the legislature to confer jurisdiction on these courts in suits against foreign as well as domestic corporations, still it has always been my impression that the legislative intent is not expressed sufficiently clear to justify inferior courts like those in assuming jurisdiction over such corporations. And I would still feel inclined to deny this power to them now, if we were compelled to base our decision upon the provisions referred to alone; but by section 23 of an act passed in 1862, it is provided as follows: "No person who shall have a place of business in the city of New York, shall be deemed to be a non-resident under

the provisions of this act." *(Laws of* 1862, *chapter* 484, *section* 23.) Although this act is entitled "an act in relation to the courts in the city and county of New York," and though some of its provisions relate to the marine court, and others to the appointment of and proceedings against the marshals of the city of New York, still it relates in the main to the practice, &c., in the district courts. And I think it is obvious that the legislature intended that this twenty-third section should apply to the district court act. The three preceding sections amend certain sections of that act, and unless the words "this act," in the twenty-third section, are construed to mean the district court act, the section is meaningless and inoperative. It is the duty of courts to construe legislative enactments so as to carry out the intentions of the makers of the law, even, though such construction be in conflict with the strict letter thereof. (*People* agt. *Utica Ins. Co.* 15 *John.* 358 ; *Tonnele* agt. *Hall,* 4 *Coms.* 140; *Reno* agt. *Pinder,* 20 *N. Y.,* 301.) No person, therefore, having a place of business in the city of New York, is to be considered or deemed a non-resident under the provisions of the district court act. Now, the word person may be construed to include a corporation. (*People* agt. *May,* 27 *Barb.,* 238 ; *State of Indiana* agt. *Woram,* 6 *Hill,* 33; *People* agt. *Utica Ins. Co.,* 15 *John.* 358 ; *Parker Mills* agt. *Commissioners of Texas,* 23 *N. Y.,* 242.) But we are not. called upon to determine whether or not the legislature intended to extend the word person as used in the district court act, to a corporation. By section 80 of that act, it is expressly declared that the word person shall include a corporation as well as a natural person. It would seem to follow that a corporation having a place of business in the city of New York, shall not be deemed a foreign or non-resident corporation. I have, therefore, although not without some hesitation, come to the conclusion that a district court has jurisdiction in an action against a foreign corporation that has a place of business in the city of New

York. Suits may be brought in these courts by and against non-resident, natural persons, and I know of no good reason why the jurisdiction given them by the legislature, in actions against corporations, should be limited to domestic corporations, when by legislative enactments we are clearly warranted in holding that it extends to foreign corporations as well. Moreover, it would be a great hardship, if not a virtual denial of justice, to compel a party like the plaintiff, whose claim is less than $50, to resort to a court of record for redress. I think the judgment of the court below should be affirmed.

Chief Judge DALY, and Judge VAN BRUNT, concurred in this decision.